IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES,

                            Plaintiff,

      v.

ELIZABETH TEGELS, KEVIN GARCEAU,
CASEY JENSEN, LEROY DUNAHAY, JR.,
MICHAEL INSENSEE AND DALE SMITH,

                            Defendants.

OPINION AND ORDER

22-cv-286-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 27, 2022, this court granted plaintiff Mustafa-El Ajala leave to proceed on First Amendment retaliation and free exercise claims and a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against defendants Elizabeth Tegels, Casey Jensen, Leroy Dunahay, Michael Insensee and Dale Smith, and an access to courts claim against defendants Tegels and Kevin Garceau. Dkt. #9. In the same order, plaintiff's motion for preliminary injunctive relief was denied, as was his motion for leave to proceed on due process and Eighth Amendment claims related to a disciplinary action that resulted in his confinement in segregation for 90 days. Id. Now plaintiff has moved for reconsideration of that order, repeating the allegations that he made in his complaint and arguing that the court erred in reaching its decision to deny him preliminary injunctive relief and leave to proceed on his due process and Eighth Amendment claims. Dkt. #14. Because plaintiff has not shown that there any legal or factual errors in the prior decision, the motion for reconsideration will be denied.

OPINION

A. Due Process and Eighth Amendment Claims

In plaintiff's complaint, he alleged that defendants Tegels, Jensen, Dunahay, Insensee, and Smith denied him due process in connection with the disciplinary process and confined him in disciplinary segregation for 90 days, which amounted to cruel and unusual punishment under the Eighth Amendment. In his motion for reconsideration, plaintiff does not raise any new arguments that were not considered previously or that would alter the court's conclusion that he has failed to state either a due process or Eighth Amendment cruel and unusual punishment claim. As explained in the previous order, plaintiff's confinement in segregation for 90 days without unusually harsh conditions does not implicate a liberty interest sufficient to state a due process claim and does not qualify as "cruel and unusual punishment" under the Eighth Amendment. Although plaintiff cites the recent denial of his parole as a deprivation of liberty, that argument fails because he has no entitlement to parole and must rely on the discretion of the parole board. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (no general constitutional right to parole); Grennier v. Frank, 453 F.3d 442, 444 (7th Cir. 2006) (Wisconsin inmates not guaranteed parole even if they meet set criteria); Pettigrew v. Raemisch, 295 F. App'x 830, 832e (7th Cir. 2008) (same); Groenke v. Haines, 2018 WL 3104443, at *2 (E.D. Wis. June 22, 2018) ("[R]egardless of the accuracy or fairness of the parole commission's decision-making, Groenke has no liberty interest in being considered for parole and cannot base a due-process claim on being denied parole."). In addition, as explained below, the

2

parole decision as to plaintiff is only loosely related to the issuance of the allegedly false conduct report.

### B. Preliminary Injunctive Relief

A preliminary injunction gives temporary relief to a party during a pending lawsuit. Faheem-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). It is a far-reaching power that a court should use only when a case clearly demands it. Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 389 (7th Cir. 1984). Moreover, injunctions that require defendants to take an affirmative act "are ordinarily cautiously viewed and sparingly issued." Mays v. Dart, 974 F.3d 810, 818 (7th Cir. 2020).

To obtain a preliminary injunction, plaintiff must make a threshold showing of three things: (1) he has a reasonable chance of success on his underlying claims; (2) he cannot get an adequate remedy without the injunction; and (3) he would suffer irreparable harm without the injunction. Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Department of Health, 699 F.3d 962, 972 (7th Cir. 2012). If plaintiff shows each of these things, the court must then balance the harm that denying the injunction would cause him against the harm that granting the injunction would cause to defendants. Id. If this balance weighs in plaintiff's favor, it would be necessary for the court to assess the requested relief under the requirements of the Prison Litigation Reform Act, which provides that injunctive relief to remedy prison conditions must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the

least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

In his motion for a preliminary injunction, plaintiff asked the court to (1) enjoin defendants from punishing him for filing a complaint and using his Muslim name in conjunction with his given name; (2) expunge the conduct report and punishment he received; and (3) transfer him to minimum custody and grant him a new parole hearing. However, I found that even if plaintiff's First Amendment and RLUIPA claims had some likelihood of success on the merits, which is not a certainty in this case, plaintiff failed to show that he would suffer irreparable harm before those claims were resolved or that traditional legal remedies are inadequate without a preliminary injunction. BBL, Inc. v. City of Angola, 809 F.3d 317, 323-24 (7th Cir. 2015) (setting forth standard for injunctive relief).

Plaintiff cites Joelner v. Village of Washington Park, Ill., 378 F.3d 613, 620 (7th Cir. 2004), and Christian Legal Society v. Walker, 453 F.3d 853, 859 (7th Cir. 2006), for the view that loss of First Amendment freedoms is presumed to constitute an irreparable injury for which money damages are not adequate, and injunctions protecting First Amendment freedoms are always in the public interest. Unlike this case, however, those cases involved the ongoing suppression of speech. Joelner, 378 F.3d 613 (adult entertainment ordinances that limited number of adult entertainment venues and imposed licensing fees); Walker, 453 F.3d 853 (organization shut down for excluding homosexuals from voting membership). As I explained in the previous order, defendants will not continue to suppress plaintiff's speech because plaintiff is no longer incarcerated at the prison where defendants are employed and

his allegations do not suggest that he is at risk of being punished for the same conduct in the future.

Plaintiff argues that he has new evidence supporting his contention that he will continue to suffer irreparable harm because the major conduct report that defendants issued was again cited as a reason to deny him parole on July 28, 2022. I understand that plaintiff believes that he is wrongly being denied parole based on the conduct report and that he wants to limit the information the parole commission will consider in the future. However, the connection between the defendants' alleged retaliatory act in this case and the parole commission's decision is tenuous at best. The defendants in this case are not the decision makers with respect to plaintiff's parole and are not continuing to retaliate against him for filing a complaint. Plaintiff was found guilty of lying about an employee and using a false name following a disciplinary hearing in which he had an opportunity to be heard and present evidence. (As explained above, plaintiff cannot state a due process claim with respect to his disciplinary hearing on the conduct report.) In addition, the report of the parole commission action submitted by plaintiff specifically states that he had an opportunity to explain his "perspective on the recent conduct reports" to the commission. Dkt. #16-1 at 4. The parole commission was entitled to consider the conduct report, even if it turns out to be false. If plaintiff disagrees with the commission's decision, he may challenge it in separate proceedings.

In any event, plaintiff's claims of inadequate legal remedies and irreparable harm with respect to the possible expungement of the conduct report are speculative. The parole

commission made it clear that plaintiff's recent conduct report is only one of many factors that contributed to the decision to defer his case another seven months:

> Overall in reviewing your history and the time you have served, it has been deemed that sufficient time has been served and you have completed your essential program needs. It is also noted that you have spent the majority of your incarceration at Maximum custody and have only been in a Medium setting for approximately 9 months. During your placement in Medium custody, you have received one minor and one major conduct report, both of which occurred in this calendar year. The Parole Commission would like to see demonstration of positive adjustment over a sustainable period of time, along with progressive transitions through reduced custody and an eventual approved release plan to assist in reducing your risk to a more reasonable level.

Dkt. #16-1 at 4. It is unreasonable to conclude from these statements that plaintiff would be paroled if the major conduct report were expunged. Although the parole commission recognized plaintiff's overall positive progression, it stressed the severity of his crimes, his long history of conduct reports (29 major and 37 minor) and the relatively short period of time he has been in medium custody. Id. at 3-4. Plaintiff will have the opportunity to show his positive transition through reduced custody and an acceptable release plan in February 2023.

"The purpose of [] interim equitable relief is not to conclusively determine the rights of the parties, but to balance the equities as the litigation moves forward." Trump v. International Refugee Assistance Project, 137 S. Ct. 2080, 2087 (2017) (internal citation omitted). Here, the balance of harms weighs in favor of defendants. Although plaintiff has been denied parole, he will continue to be considered for parole every few months. However, assuming that plaintiff is correct that he would be released if the conduct report were expunged, there is little recourse for the state if plaintiff ultimately loses his underlying

6

retaliation claim. American Hospital Supply Corp. v. Hospital Products Ltd., 780 F.2d 589, 593 (7th Cir. 1986) ("If the judge grants the preliminary injunction to a plaintiff who it later turns out is not entitled to any judicial relief—whose legal rights have not been violated—the judge commits a mistake whose gravity is measured by the irreparable harm, if any, that the injunction causes to the defendant while it is in effect.").

For all of these reasons, I am not persuaded that it was error to deny plaintiff's motion for a preliminary injunction.

ORDER

IT IS ORDERED that plaintiff Mustafa-El Ajala's motion for reconsideration, dkt. #14, is DENIED.

Entered this 30TH day of September, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge