IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES,

    Plaintiff,

v.

ELIZABETH TEGELS, KEVIN GARCEAU,
CASEY JENSEN, LEROY DUNAHAY, JR.,
MICHAEL INSENSEE, and DALE SMITH,

    Defendants.

OPINION and ORDER

22-cv-286-jdp

---

Plaintiff Mustafa-El Ajala, appearing pro se, is currently incarcerated at Redgranite Correctional Institution. He alleges that staff at Jackson Correctional Institution retaliated against him and violated his rights under the First Amendment and Religious Land Use and Institutionalized Persons Act by punishing him for making a written complaint about an officer's misconduct and for using his Muslim name in doing so. He also brings an access-to-the-courts claim about defendants intentionally preventing him from exhausting his administrative remedies regarding his conduct report.

Defendants have filed a motion for partial summary judgment on exhaustion grounds. Dkt. 33. Their motion is limited to Ajala's retaliation claims: he alleges that defendants Elizabeth Tegels, Casey Jensen, Leroy Dunahay, Michael Insensee, and Dale Smith retaliated against him for reporting the use of excessive force on another inmate by temporarily placing him in solitary confinement; giving him a conduct report for soliciting staff, lying about staff, and using a false name; and punishing him with more solitary confinement.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions.

42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Generally, to exhaust administrative remedies in Wisconsin, inmates must follow the Inmate Complaint Review System (ICRS) process set forth in Wisconsin Administrative Code Chapter DOC 310. But Ajala's retaliation claims are related to the conduct report he received. Under the Wisconsin Administrative Code, to complain about an issue related to a conduct report an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden. *See* Wis. Admin. Code § DOC 303.82(1). The warden's decision is final with respect to sufficiency of the evidence, but alleged procedural deficiencies must then be pursued through the ICRS grievance system. Wis. Admin. Code § DOC 303.82(4).

Defendants contend that Ajala failed to exhaust his administrative remedies because he did not raise the issue of retaliation in his disciplinary hearing or in his appeal. I have addressed this issue before in the inmate-grievance context. In the absence of particular grievance rule mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the

prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). Thus, I have concluded that "'[i]f the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act.'" *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (quoting *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013)). Ajala contends that he has done so here.

But defendants' exhaustion-based summary judgment motion doesn't concern a grievance; it concerns Ajala's disciplinary proceedings. In the grievance context, a prisoner's complaint that an official harmed him because he engaged in protected conduct gives the examiner notice, even if only implicitly, that the "nature of the wrong" is at least in part retaliation by the official. But in a disciplinary hearing like Ajala's, more is required than just identifying the protected conduct and the act a plaintiff later contends in this court to be retaliatory. Prison officials, not Ajala, initiated the disciplinary proceedings, and while it is obvious by virtue of the charges brought here that prison officials sought to punish Ajala for his speech, it is not at all clear that Ajala saw the "nature of the wrong" with his charges as being retaliatory animus. Rather, Ajala contended in the proceeding that it was appropriate for him to write a letter to the warden and that he wasn't lying in that letter. Ajala's defense gave notice to the examiner only that Ajala believed the conduct report to be incorrect, not that it was retaliatory. So under *Schillinger* and *Strong*, Ajala failed to give the examiner notice of the nature of the wrong that he later brought his retaliation claims about. *See Boyd v. Heil*, No. 17-cv-209-wmc, 2020 WL 137300, at *5 (W.D. Wis. Jan. 13, 2020) (exhaustion-based summary judgment motion granted where "it is undisputed that Boyd failed to argue that any

3

of these conduct reports were issued in retaliation for him engaging in protected conduct during disciplinary hearings associated with each of these three conduct reports").

Ajala argues that he made the retaliation issue clear in an inmate grievance he filed after his disciplinary proceedings, but that is irrelevant because he was required to exhaust his retaliation claim at each step of the administrative process, which in this case included his disciplinary proceedings. Therefore, I will grant defendants' motion for partial summary judgment and dismiss Ajala's retaliation claims. That dismissal is without prejudice, *see Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004), even though Ajala would likely find it impossible to exhaust those claims now.

Defendants have also filed a motion to extend the dispositive motions deadline and to allow them to file combined briefing supporting their eventual motion for summary judgment and Ajala's already-filed motion. Dkt. 37. I will grant that motion and set a new briefing schedule below.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 29, is GRANTED.

2. Defendants' motion to amend the schedule, Dkt. 37, is GRANTED. Defendants may have until May 25, 2023, to submit combined materials supporting their motion for summary judgment and opposing plaintiff's motion. Plaintiff may have until June 26, 2023, to file combined materials responding to defendants' motion and replying to his own motion. Defendants may have until July 10, 2023, to file a reply to their own motion.

Entered April 25, 2023.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge